IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MERCHANDISING TECHNOLOGIES,                    05-CV-1195-BR
INC., an Oregon corporation,

         Plaintiff,                            OPINION AND ORDER

v.

TELEFONIX, INC., an Illinois
corporation, and VANGUARD
PRODUCTS GROUP, a Florida
corporation,

         Defendants.


PAUL B. GEORGE
NANCIE K. POTTER
Foster Pepper Tooze LLP
601 S.W. Second Avenue, Suite 1800
Portland, Or  97204-3171
(503) 221-7750

BRUCE A. KASER
Vantage Law PLLC
355 N.W. Gilman Boulevard, Suite 203
Issaquah, WA  98027
(425) 391-8741

         Attorneys for Plaintiff


1 - OPINION AND ORDER

**MARK J. FUCILE**
Fucile & Reising LLP
115 N.W. First Avenue, Suite 410
Portland, OR  97209
(503) 224-4895

**JEREMY D. SACKS**
Stoel Rives LLP
900 S.W. Fifth Avenue, Suite 2600
Portland, OR  97204
(503) 294-9649

**LEE F. GROSSMAN**
**MARK M. GROSSMAN**
Grossman Law Offices
122 S. Michigan Avenue, Suite 1700
Chicago, IL  60603
(312) 294-0500

         Attorneys for Defendants


**BROWN, Judge.**

     This matter comes before the Court on Plaintiff's Motion to Disqualify Attorneys (#49).  On June 15, 2006, the Court heard oral argument and took the Motion under advisement.

     For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.


### PROCEDURAL BACKGROUND

     On August 1, 2005, Plaintiff Merchandising Technologies, Inc. (MTI) filed an action in this Court for unfair competition seeking injunctive relief and a declaration that Plaintiff is not liable for infringement of Patent No. 6,799,994 ('994 Patent)

2 - OPINION AND ORDER

owned by Defendants Telefonix, Inc., and/or Vanguard Products Group.

On September 19, 2005, MTI filed an Amended Complaint before Defendants had filed their Answer.

On October 31, 2005, Defendants filed a Motion to Dismiss the Amended Complaint. On December 20, 2005, the Court entered an Order based on communication with counsel denying Defendants' Motion to Dismiss as moot and granting MTI leave to file a Second Amended Complaint.

On December 30, 2005, MTI filed a Second Amended Complaint in which it seeks an injunction to prohibit Defendants from "further violations of the antitrust laws," a declaration that MTI has not infringed the '994 Patent, a declaration that the '994 Patent is either invalid or unenforceable, fines against Defendants for "$500 jointly and severally for each and every unpatented product falsely marked with a patent number," and damages.

On April 13, 2006, MTI filed a Motion to Disqualify Lee and Mark Grossman as defense counsel.

### FACTUAL BACKGROUND

In 2002 MTI hired Mark Grossman to defend MTI in a patent-infringement case in Chicago: *Se-Kure v. Vanguard,* No. 02-CV-3767 (N.D. Ill.). Mark Grossman was already defending Telefonix

3 - OPINION AND ORDER

and Vanguard in that action. MTI agreed to a joint defense at the urging of Paul Burke, Telefonix's principal owner.

In the *Se-Kure* action, the plaintiff alleged Telefonix, Vanguard, and MTI infringed the plaintiff's patent for a retractable alarm-system sensor. In particular, the plaintiff took issue with a retractable cable assembly that includes an alarm-system sensor patented by Telefonix.

As part of his investigation as defense counsel in *Se-Kure*, Mark Grossman studied MTI's fabrication processes, examined MTI's confidential financial records, obtained detailed technical information about MTI's products and how they are made, and spent "considerable time" interviewing MTI's Chief Executive Officer and other key MTI personnel.

On February 25, 2005, Vanguard sent a letter to MTI informing it that Telefonix had been awarded a new patent and that Vanguard had entered into an agreement with Telefonix as the exclusive licensee of that patent. Vanguard implied certain MTI products infringe both the patent and Vanguard's exclusive licensing agreement.

On March 2, 2005, MTI informed the Grossmans that "given the amount of confidential information [the Grossmans] have about MTI, [it] cannot agree that you could represent another client in an action against MTI." The Grossmans formally ended their representation of MTI in the *Se-Kure* matter at the end of April

4 - OPINION AND ORDER

2005.

MTI filed this action on August 1, 2005.  In September 2005, MTI informed the Grossmans that MTI believed the Grossmans had a conflict and that MTI would move to disqualify them from representing Defendants in this action.  In April 2006, MTI filed a Motion to Disqualify the Grossmans from representing Defendants on the grounds that this matter is substantially related to the *Se-Kure* case in which the Grossmans represented MTI, Defendants' interests in this case are materially adverse to the interests of MIT, and the Grossmans possess confidential information about MTI as a result of their prior representation of MTI in the *Se-Kure* case.

## STANDARDS

The district court has the duty and responsibility to control and to supervise the conduct of the attorneys practicing before it.  *Erickson v. Newmar Corp.*, 87 F.3d 298, 300, 303 (9th Cir. 1996).  *See also SST Castings, Inc. v. Amana Appliances, Inc.*, 250 F. Supp. 2d 863, 865 (S.D. Ohio 2002)(the power to disqualify an attorney from a case is incidental to all courts, and a district court is obliged to consider unethical conduct by an attorney in connection with any proceeding before it).  Notwithstanding this duty and the duty to protect the attorney-client relationship, motions to disqualify counsel are

5 - OPINION AND ORDER

disfavored.  *Certain Underwriters at Lloyd's, London v. Argonaut Ins. Co.,* 264 F. Supp. 2d 914, 918 (N.D. Cal. 2003) (citation and internal quotation omitted).  The party moving to disqualify must satisfy a "high standard of proof."  *Sabrix v. Carolina Cas. Ins. Co.*, No. CV-02-1470-HU, 2003 WL 23538035, at *1 (D. Or. July 23, 2003)(citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983)).

> On the one hand, because a motion to disqualify is often tactically motivated, and can be disruptive to the litigation process, it is a drastic measure that is generally disfavored. . . .  At the same time, the paramount concern must be the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar.

*Argonaut*, 2003 WL 1922970, at *2 (citation and internal quotation omitted).

Pursuant to Local Rule 83.7(a), attorneys practicing in the District of Oregon must abide by the Rules of Professional Conduct promulgated by the Oregon Supreme Court.

## DISCUSSION

MTI contends the parties to this action have materially adverse interests and the Grossmans possess confidential information about MTI as a result of their prior representation of MTI in the *Se-Kure* case.  Accordingly, MTI asserts the Court should disqualify the Grossmans as defense counsel.

The Grossmans contend they do not have a former client

6 - OPINION AND ORDER

conflict because they served only as local counsel in *Se-Kure*, the patents are different, the products are different, and the time spans are different. In any event, the Grossmans also argue MTI waived the right to seek their disqualification because MTI waited eight months to file this Motion, and in the interim, the Grossmans participated in three rounds of informal discovery and formal challenges to the Complaints.

**I.   MTI Did Not Waive Its Right to Move to Disqualify**.

MTI contends it did not unreasonably delay filing its Motion to Disqualify. MTI asserts it informed the Grossmans regarding the basis for its intent in September 2005, October 2005, and in other "brief telephone discussions with defense counsel . . . over a period of time," and that only eight months passed between MTI's first notice to the Grossmans of MTI's intent to seek disqualification and the filing of its Motion. In any event, MTI argues the Grossmans have not shown prejudice from this eight-month period, particularly in light of the fact that this case is in the early stages, no trial date has been set, no documents have been produced, and no depositions have taken place. Finally, MTI notes this period was not as long here as in those cases in which courts have found waiver. *See e.g., Rohm and Hass Co. v. Am. Cyanamid Co.*, 187 F. Supp. 2d 221, 231 (D.N.J. 2001)(delay of two years and five months); *Central Milk Prod. Co-op v. Sentry Food Stores, Inc.*, 573 F.2d 988, 992 (8th Cir.

7 - OPINION AND ORDER

1978)(two-year delay).

To support their position that MTI waived the right to seek disqualification because MTI unduly delayed the filing of its Motion to Disqualify, the Grossmans rely on *Trust Corporation of Montana v. Piper Aircraft Corporation*, 701 F.2d 85, 87-88 (9th Cir 1983).  In that case, the Ninth Circuit held the plaintiff's "failure to object within a reasonable time, coupled with the long delay in filing a motion to disqualify, constitute a *de facto* consent to the Jardine firm's continued representation of [the defendant] and a waiver of its right to object."  *Piper*, however, involved a delay of two years and six months between the date the case was filed and the date the plaintiff filed its motion to disqualify counsel.  In addition, the plaintiff did not move until immediately before the scheduled trial date.  The circumstances here are clearly distinguishable both with respect to the period of alleged delay and the consistency of MTI's objections.

In the absence of specific authority finding waiver under circumstances such as these, the Court concludes the eight-month period is not long enough to constitute waiver, particularly in light of MTI's repeated assertion of its objections during this period and the fact that Defendants have failed to show any prejudice resulting from this eight-month period.

Accordingly, the Court concludes MTI did not waive its right

8 - OPINION AND ORDER

to move to disqualify the Grossmans.

**II. The Grossmans Should Be Disqualified**.

MTI contends the Court must disqualify the Grossmans pursuant to Oregon Rule of Professional Conduct 1.9 because the Grossmans possess confidential information regarding MTI that they obtained during their representation of MTI in the *Se-Kure* case. Specifically, MTI asserts the Grossmans have an "information-specific" conflict because they gained sensitive confidential information about MTI products, fabrication processes, and finances that could be used against MTI in the present litigation.

Oregon Rule of Professional Conduct 1.9 provides:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless each affected client gives informed consent, confirmed in writing.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
>
>> (1) whose interests are materially adverse to that person; and
>>
>> (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter, unless each affected client gives informed consent, confirmed in writing.
>
> (c) A lawyer who has formerly represented a client

9 - OPINION AND ORDER

>     in a matter or whose present or former firm has
>     formerly represented a client in a matter shall
>     not thereafter:
>
>     > (1) use information relating to the
>     > representation to the disadvantage of the
>     > former client except as these Rules would
>     > permit or require with respect to a client,
>     > or when the information has become generally
>     > known; or
>     >
>     > (2) reveal information relating to the
>     > representation except as these Rules would
>     > permit or require with respect to a client.

Oregon Ethics Opinion No. 2005-11 explains:

>     Matters[1] can be "substantially related" in either
>     of two ways:  (1) the lawyer's representation of
>     the current client will work some injury or damage
>     to the former client in connection with the same
>     matter in which the lawyer represented the former
>     client; or (2) there is a risk that confidential
>     factual information learned in representing the
>     former client could be used to advance the new
>     client's position.

Opinion No. 2005-11, however, cautions against

>     an overbroad interpretation that would dilute the
>     requirements that must be met before two matters
>     can be said to be "the same or . . . substantially
>     related."  For example, the fact that two matters
>     may both involve the same disputants, the same
>     industry, and some of the same facts will
>     generally be insufficient, standing alone, to
>     create a matter-specific conflict. *See, e.g., PGE
>     v. Duncan, Weinberg, Miller & Pembroke*, 162 Or App
>     265, 986 P2d 35 (1999).

---

[1] Oregon Rule of Professional Conduct 1.0(o) defines "matters" to include "any judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, investigation, charge, accusation, arrest or other particular matter involving a specific party or parties."

10 - OPINION AND ORDER

Here, the record establishes the Grossmans have an information-specific conflict because they obtained some degree of confidential information about how the product at issue works, about MTI's financial information, and about MTI's business processes.  In addition, notwithstanding the Grossmans' Declarations to the contrary, an objective view of the record shows there is a risk that confidential factual information learned by the Grossmans when they represented MTI in the *Se-Kure* matter could be used to advance Defendants' position.  Thus, the Oregon Rules of Professional Conduct preclude the Grossmans from representing Defendants in this case.

Accordingly, the Court grants MTI's Motion to Disqualify.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion to Disqualify Attorneys (#49).

IT IS SO ORDERED.

DATED this 4th day of August, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER